**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| BRANDON C. LAWLER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WASILLA, and OFFICER ADAM GEBERT,<br><br>Defendants. | 3:25-cv-00360-ACP<br><br>**Omnibus Order**<br>[Dkts. 16, 29, 31, 33] |

Brandon Lawler was arrested during an encounter with Wasilla police at the scene of a traffic accident. (Dkt. 1) Lawler filed suit against the arresting officer and the officer's employer, the City of Wasilla. (Dkt. 1) He alleges that his arrest was unconstitutional and violated Alaska law. (Dkt 1 at 3-4) The officer asserted qualified immunity. (Dkt. 18, 20) The officer and city both argue that there was no constitutional violation. (Dkt. 18)

Lawler filed several motions: a Motion to Compel disclosures and answers from Ofc. Gebert (the arresting officer) (Dkt. 16); a Motion for Extension of Time to Complete Discovery, (Dkt. 29); and a Motion for Leave to File Final Discovery Witness List out of Time. (Dkt. 31) Lawler also filed an expedited request for an extension of time to oppose the Defendants' dispositive motion. (Dkt. 33, 34)

Because district courts should resolve the threshold issue of qualified immunity before allowing discovery, discovery is **STAYED** for Ofc. Geber pending a ruling on Defendants' potentially dispositive motion. (Dkt. 18) The Motion to Compel (Dkt. 16) is therefore **DENIED** without prejudice. And because many of Lawler's discovery disputes

are not material to the Defendant's dispositive argument, those motions (Dkt. 29, 31) are **HELD IN ABEYANCE** until after the ruling on summary judgment. However, the Court **GRANTS** Lawler's request to extend the summary judgment deadline for two reasons identified below. (Dkt. 18-3)

**I. Discovery from Ofc. Geber is not necessary to resolve qualified immunity.**

Qualified immunity shields government officials from civil liability for certain constitutional violations. *Wood v. Moss*, 572 U.S. 744, 757 (2014). The doctrine applies unless "(1) [the official] violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024). "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("If the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) ("Qualified immunity confers upon officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." (citation and internal quotation marks omitted)).

Qualified immunity is an issue in this case as to Ofc. Gebert. Lawler claims that Ofc. Gebert violated his constitutional rights in an encounter on January 24, 2024. (Dkt. 1 at 3-4) Ofc. Gebert filed a motion to dismiss asserting qualified immunity and arguing that video footage proves that Lawler's rights were not violated. (Dkt. 18 at 6-21) The Court converted the filing into a motion for summary judgment because the video was not

attached to the complaint and contradicts assertions Lawler made therein. (Dkt. 28) But now that the filing is a summary judgment motion, and because the Complaint describes the video, the Court is permitted to rely on the video. *Mayfield v. City of Mesa*, 131 F.4th 1100, 1104 (9th Cir. 2025). In so doing, the Court will apply the typical summary judgment standard by resolving ambiguities in the footage "in the light most favorable to" Lawler. *See id*.

As explained in the following section, the discovery Lawler seeks from Ofc. Geber is not necessary to decide Defendants' summary judgment motion. Therefore, the Court **DENIES** the motion to compel without prejudice. The Court will consider discovery with respect to Ofc. Geber after resolving the qualified immunity issue.

## II. Most of Lawler's discovery disputes are not necessary to decide Defendants' motion, but Lawler does raise valid grounds to delay a summary judgment ruling.

Lawler seeks to extend the discovery deadline to obtain specific information from the City of Wasilla. (Dkt. 29) He requests: (1) the identity of the supervisor Ofc. Gebert contacted before Lawler's arrest, (2) records on the City's communications about the arrest, and (3) previously produced audio and video files in a more accessible format. (Dkt. 29 at 2) Lawler further requests an extension of time to oppose Defendants' summary judgment motion. (Dkt. 33) That request raises the same discovery issues, but it further argues that Lawler requires discovery from Ofc. Geber into the basis of his arrest. (Dkt. 33 at 9) Importantly, Lawler also claims that Defendants did not provide him with a copy of the video it relied on—which Lawler himself evidently recorded and uploaded to YouTube (Dkt. 19)—and therefore that he "cannot verify whether the particular video before the

Court is complete, or determine precisely what Defendants ask the Court to draw from it." (*Id.* at 9; Dkt. 35 at 3)

The Court may defer summary judgment rulings under Federal Rule of Civil Procedure 56(d) when a party shows that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020). Accordingly, Lawler argues that he lacks facts "essential" to his opposition based on his identified deficiencies. (Dkt. 33 at 6-7) But few of Lawler's issues are "essential" to oppose Defendants' motion. Defendants' motion asserts that Ofc. Geber did not commit a constitutional violation based on the encounter as depicted in Lawler's video. (Dkt. 18 at 9-10, 18) Thus, Defendants' motion turns entirely on the video's representation of events. If those facts are uncontested, then the motion is ripe for summary judgment.

Most of Lawler's identified factual deficiencies pertain to his Monell claim for municipal liability, not the existence of a constitutional violation. (Dkt. 1 at 3; Dkt. 31-3 at 4) A municipality can be liable for a constitutional violation by an employee when the violation was ordered by a policy-making official. *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc). But such claims still require a plaintiff to show an underlying constitutional violation. *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). Without a constitutional deprivation, there is no Monell liability. Lawler's identified factual deficiencies about communications and interrogatory responses from Ofc. Geber are relevant to municipal decision-making authority and thought processes, not

whether Ofc. Geber actually violated his rights. (Dkt. 33 at 7-9) Thus, these facts are relevant only if there is an underlying constitutional violation.

Although Lawler does not require additional discovery to oppose Defendants' motion, he does raise two valid grounds for delaying his summary judgment opposition: (1) his alleged lack of access to the video filed by Defendants, and (2) his inability to access the dashcam footage provided in discovery. (Dkt. 33 at 9)

When Defendants filed Lawler's video with the Court, they explained that a copy would be provided to Lawler electronically with a link via ShareFile. (Dkt. 19) Yet Lawler now asserts that he never received the Exhibit. (Dkt. 35 at 3) Although Lawler is the purported author of this video, his access is still necessary to determine whether the video as filed by Defendants is accurate and reliable. *Mayfield*, 131 F.4th at 1104. Thus, Lawler has asserted valid grounds for delaying his opposition to the summary judgment motion.

Turning to the dashcam footage. Lawler avers that this material will establish "disputed facts about my location, my movements, the commands given, and traffic conditions at the scene." (Dkt. 35 at 4-5) Without explaining what facts are in dispute, this argument is not helpful to determine whether the footage is "necessary" to his opposition. And although Lawler claims that he does not have access to the video filed by Defendants, he acknowledges that he still possesses his own hour-long recording of the encounter. (*Id.* at 33) Thus, Lawler has the capacity to explain which facts are in dispute and why they are "necessary" to decide Defendants' motion. Nevertheless, this dashcam footage might address potential ambiguities in the video provided by Defendant (if any), and they have apparently already been subject to production. Therefore, although Wasilla need not

respond to all of Lawler's discovery disputes, it should explain its position on the dashcam footage to the Court.

## III. Conclusion

In conclusion, most of Lawler's requested discovery is not necessary to oppose Defendants' dispositive motion. And discovery should not proceed into Ofc. Geber until the Court resolves the threshold issue of qualified immunity. Therefore, the Court **DENIES** Lawler's Motion to Compel (Dkt. 16) without prejudice.

The Court **HOLDS IN ABEYANCE** the discovery motions (Dkt. 29, 31) pending a ruling on summary judgment. Lawler's requested material is not essential for the basic determination whether Ofc. Geber committed a constitutional violation.

The Court **GRANTS** Lawler's motion for more time to file his opposition. (Dkt. 33) Wasilla must file proof that it provided Lawler a copy of the video. In addition, Wasilla is directed to file a response regarding production of the dashcam footage in a format accessible to Lawler. Wasilla has until close of business on October 16 to make those filings. The Court will set the new deadline for Lawler's summary judgment opposition once those issues are resolved.

IT IS SO ORDERED.

DATED October 5, 2026, at Anchorage, Alaska.

/s/Aaron Christian Peterson
Aaron Christian Peterson
United States District Judge